UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VISHNU PRADEEP MEDA | CIVIL ACTION 1:17-CV-00546 |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, LASALLE DETENTION FACILITY, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is an "Emergency Motion to Stay Order of Removal Pending Petitioner's Habeas Corpus Motion" filed by Vishnu Pradeep Meda ("Meda") (Doc. 4). Meda originally filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, contesting his final order of removal.[1]

In his Emergency Motion to Stay Order of Removal Pending Petitioner's Habeas Corpus Motion, Meda appears to be contending the he has a direct appeal pending in his criminal proceedings, so the final administrative order of removal was improvidently issued.

Meda's convictions are final. The United States Sixth Circuit Court of Appeals affirmed his convictions and the United States Supreme Court denied writs of certiorari. See United States v. Meda, 812 F.3d 502 (6th Cir. 2015), cert. den., 136 S.Ct. 1534 (U.S. 2016). Therefore, Meda's argument for a stay of removal appears to meritless. In any event, a request for stay of removal should be filed with the District

---

[1] In his habeas petition, Meda contends that: (1) mandatory detention should not be applied to him because he has a substantial challenge to deportability; (2) his prolonged detention violates Fifth Amendment due process; (3) his arrest violated the Fourth Amendment; and (4) his detention violates the Eighth Amendment.

Director of ICE, rather than the District Court, as provided in 8 C.F.R. § 241.6 and 8 C.F.R. § 1241.6.  See Linares v. Dep't of Homeland Sec., 2014 WL 897810, *2 (W.D. La. 2014); Ukwu v. Mukasey, 2008 WL 123900, *2 (N.D. Tex. 2008); see also Vidal v. Gonzales, 491 F.3d 250, 252 (5th Cir. 2007).  Federal courts lack jurisdiction to entertain claims directed towards the execution of a removal order.  See 8 U.S.C. § 1252(g).  The decision of whether to grant a stay is within the discretion of the Attorney General.  See 8 U.S.C. § 1252(a)(2)(B)(ii); see also Naidoo v. I.N.S., 39 F.Supp.2d 755, 762 (W.D. La. 1999).

Therefore, Meda's emergency motion to stay his order of removal (Doc. 4) should be dismissed for lack of subject matter jurisdiction.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Meda's Emergency Motion to Stay Order of Removal (Doc. 4) be DISMISSED FOR LACK OF JURISDICTION.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this  1st  day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge