UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VISHNU PRADEEP MEDA, Petitioner | CIVIL ACTION NO. 1:17-CV-546-P |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se Petitioner Vishnu Pradeep Meda ("Meda") (#A205857225). Meda is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana.

I. Background

Meda was convicted of five counts of health care fraud. United States v. Meda, No. 11-cr-20052, 2017 WL 993182, at *1 (E.D. Mich. Mar. 15, 2017). Meda was sentenced to concurrent terms of 46 months of imprisonment. Id. Following Meda's conviction, DHS issued a notice of intent to issue final administrative removal order. (Doc. 1, p. 10). Meda's conviction and sentence were affirmed on appeal. United States v. Meda, 812 F.3d 502, 507 (6th Cir. 2015), cert. denied, 136 S. Ct. 1534 (2016).

Meda complains that DHS improperly issued the notice of intent to issue a final administrative removal order during the pendency of Meda's criminal appeal. Meda claims that, since his appeal was pending, his criminal conviction was not final

and he was not "deportable" under the meaning of 8 U.S.C. § 1226. (Doc. 1, p. 10). Meda also claims his detention is improper because: (1) it violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001); (2) there was no probable cause determination; and (3) it is excessive in light of the Eighth Amendment. (Doc. 1, pp. 10-12).

## II.  Instructions to Amend

Meda cites Zadvydas,[1] but does not claim he has been detained beyond the presumptively reasonable six-month period set forth in Zadvydas. Id. Nor has Meda alleged "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Agyei–Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011). The alien bears the initial burden of proof to show that no such likelihood of removal exists. See Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006).

Meda shall amend his complaint and clarify whether he is making a Zadvydas claim. If so, Meda must provide: (1) a copy of the removal order issued by the immigration judge; (2) whether he appealed the removal order to the Board of Immigration Appeals ("BIA"); (3) a copy of the BIA's decision/order dismissing Meda's appeal; and (4) copies of any notices of review of Meda's custody status. Meda should

---

[1] In Zadvydas v. Davis, the United States Supreme Court held that in order for post-removal detention under INA § 241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. 678 (2001). The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for immigration detainees following a final order of removal. Id.

also explain why there is no significant likelihood of his removal in the reasonably foreseeable future.

**IT IS ORDERED that Meda amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above.**

**Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  7th  day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge